**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1174
_____

LOUIS CORRADI,
                                        Appellant

v.

NEW JERSEY STATE PAROLE BOARD;
CENTRAL RECEPTION AND ASSIGNMENT FACILITY;
MIDDLESEX COUNTY ADULT CORRECTION CENTER;
SOUTH PLAINFIELD POLICE DEPARTMENT;
DETECTIVE KEVIN LAMONTE; OFFICER MELANSON;
OFFICER FRANCHAK; P.O. MICHELLE REY; P.O. MARQUIS BARRON;
P.O. JAMES PERDONI; P.O. JEFFREY SOSNAK; P.O. DEREK TURNURE;
P.O. THOMAS HYSON; P.O. MICHAEL NUNN; P.O. SGT. KIMBERLY
CAVANAUGH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:16-cv-05076)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 22, 2022
Before:  KRAUSE, BIBAS, and SCIRICA, <u>Circuit Judges</u>

(Opinion filed September 23, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Louis Corradi, proceeding pro se, appeals from an order of the United States District Court for the District of New Jersey granting summary judgment in favor of defendants. For the reasons that follow, we will affirm.

I.

In 2008, while on supervised release for a federal conviction, Corradi was convicted of endangering the welfare of a child in the Superior Court of New Jersey and sentenced to a term of imprisonment and parole supervision for life. Upon his release from prison, Corradi became subject to a variety of special parole conditions.

In 2015, the South Plainfield Police Department received a report of suspicious computer activity. They interviewed the computer's owner—who was a friend of Corradi's mother—and learned that she had been having issues with her computer and email account, had received a notification that an "unauthorized user" had logged on, and had observed the name "Louis" in her recent computer history. The computer's owner suspected that Corradi had attempted to access her computer, as he had worked on a family member's computer about nine years earlier. The police reported the incident to Sgt. Kimberly Cavanaugh, a parole supervisor, but did not investigate further.

Cavanaugh reviewed Corradi's case with his parole officer, Michelle Rey, and they found a reasonable, articulable suspicion to believe that he had remotely accessed the computer. Cavanaugh and Rey searched Corradi's vehicle and residence and found several items prohibited by the terms of his parole. Corradi was arrested and charged by

2

the Parole Board with violating the conditions of his parole.  He was also indicted by a grand jury in the New Jersey Superior Court of Middlesex County for illegally possessing a weapon and violating his lifetime parole.[1]

In August 2016, Corradi filed this pro se action pursuant to 42 U.S.C. § 1983 against the Parole Board, the South Plainfield Police Department, several police and parole officers, the Middlesex County Adult Correctional Center, and the prison's intake and processing facility, alleging that he was falsely arrested and imprisoned, denied due process of law, and subjected to illegal search and seizure.  The District Court screened the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismissed several claims and defendants, but allowed Corradi to proceed on the false arrest, false imprisonment, and illegal search claims against Cavanaugh and Rey (hereafter, "defendants").

Defendants filed a motion for summary judgment, arguing that their search of Corradi's home and vehicle did not violate the Fourth Amendment because they had reasonable suspicion to believe that he had engaged in criminal activity or had violated his parole conditions or, alternatively, that they were entitled to qualified immunity.  They also argued that Corradi had not been falsely arrested or imprisoned, as they had probable cause to arrest him.  The District Court agreed and granted summary judgment in favor of defendants on those claims.  It determined that the only claim left pending

---

[1] The record reflects that the charges were ultimately dismissed after the Superior Court found that defendants lacked reasonable suspicion to search the residence and vehicle.

against defendants was the claim that Corradi was incarcerated for violating parole without receiving due process.

Defendants filed a second motion for summary judgment related to the due process claim, arguing that the postponement of Corradi's preliminary parole hearing was caused by his counsel, not by defendants. The District Court agreed and granted summary judgment in favor of defendants. Corradi now appeals.

## II.

We have jurisdiction under 28 U.S.C. § 1291. "We review de novo district court orders granting or denying summary judgment, applying the same test required of the district court and viewing inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party." Schmidt v. Creedon, 639 F.3d 587, 594–95 (3d Cir. 2011) (cleaned up). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422–23 (3d Cir. 2006).

## III.

Corradi has forfeited his claims on appeal. His opening brief—a one-page filing containing three numbered claims—is extremely cursory and contains no legal or factual development. He provides no citations to the record or to any legal authority, and he makes no argument whatsoever in support of his claims. See In re Wettach, 811 F.3d 99,

4

115 (3d Cir. 2016) (deeming forfeited arguments that were not developed in the appellants' opening brief); Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (noting that appellants are required to set forth the issues raised on appeal and present an argument in support of those issues in their opening brief). While we liberally construe filings by pro se litigants, "[a]t the end of the day, they cannot flout procedural rules— they must abide by the same rules that apply to all other litigants." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 244–45 (3d Cir. 2013). Nonetheless, we have reviewed what we perceive to be the essence of Corradi's claims and agree with the District Court's disposition of the matter.

Regarding Corradi's Fourth Amendment search and seizure claim, we agree with the District Court that defendants were entitled to qualified immunity. See Pearson v. Callahan, 555 U.S. 223, 231–32 (2009). Even assuming arguendo that the search was unconstitutional, Corradi does not point to any sufficiently analogous caselaw, and we have not found any, that would have notified defendants that their conduct was patently unconstitutional or would have otherwise placed the lawfulness of defendants' actions beyond debate. See McLaughlin v. Watson, 271 F.3d 566, 572 (3d Cir. 2001) (explaining that "there must be sufficient precedent at the time of action, factually similar to the plaintiff's allegations, to put defendant on notice that his or her conduct is constitutionally prohibited"); District of Columbia v. Wesby, ___ U.S. ___, 138 S. Ct. 577, 590 (2018) (given the imprecise nature of this rule in the Fourth Amendment context, "officers will often find it difficult to know how the general standard of probable

5

cause applies in the precise situation encountered") (cleaned up).  Because the circumstances here were not so clear or well-defined that every reasonable official would conclude that the search was unlawful, defendants were entitled to summary judgment.

Corradi also argues that he was unconstitutionally incarcerated for sixteen months without receiving a probable cause hearing or a final parole revocation hearing.  See Morrissey v. Brewer, 408 U.S. 471, 482, 485–89 (1972) (explaining that parolees are entitled to certain due process protections, including a preliminary probable cause hearing held "as promptly as convenient after arrest" and a final revocation hearing held "within a reasonable time").

The parties do not dispute that Corradi was incarcerated from the date of his arrest, April 1, 2015, until October 11, 2017; that he requested a probable cause hearing but never received one; or that a parole revocation hearing was never held.  However, as highlighted by the District Court, the record reflects that defendants attempted to schedule a probable cause hearing on several occasions.  The first hearing was postponed when Corradi was appointed counsel who ultimately refused to or was otherwise unable to provide representation.  Another hearing was scheduled after Corradi was appointed a second attorney, but it was postponed at his new counsel's request pending the resolution of Corradi's pending criminal charges.  The criminal charges remained pending, and the Parole Board ultimately released Corradi on July 31, 2016, without ever holding a probable cause hearing and without formally revoking his parole, after he had served a term of imprisonment equivalent to the term he would have served had his parole

violations been adjudicated.[2]  As the District Court concluded, the postponement (and ultimate lack of hearing) was the result of counsel's request, and there is no evidence to suggest that defendants had any knowledge that Corradi had not agreed to the postponement.  Because there was no genuine issue of material fact regarding whether defendants violated Corradi's due process rights, the District Court properly granted summary judgment in defendants' favor.

Finally, regarding the performance of Corradi's appointed counsel, the District Court properly found that any § 1983 claims against his counsel would be subject to dismissal, as criminal defense attorneys are not "state actors."  See, e.g., Polk County v. Dodson, 454 U.S. 312, 324–25 (1981) (holding that public defenders are not state actors when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); Black v. Bayer, 672 F.2d 309, 314 (3d Cir. 1982), abrogated on other grounds by D.R. v. Middle Bucks Area Vocational Tech. Sch., 972 F.2d 1364, 1368 n.7 (3d Cir. 1992) (noting that "no color of state law attache[s] to the functions of court-appointed counsel").

IV.

For the foregoing reasons, we will affirm the judgment of the District Court. Defendants' motion to supplement the appendix is granted.

---

[2] The record reflects that the New Jersey Superior Court for Middlesex County entered a detainer on July 20, 2016, and Corradi remained in custody until the criminal charges were dismissed on October 11, 2017.